**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4390

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ISAAC MCGAHA,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:09-cr-00131-D-1)

Submitted:  October 24, 2022                     Decided:  November 30, 2022

Before GREGORY, Chief Judge, and DIAZ and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Isaac McGaha appeals the judgment revoking his supervised release and imposing a 27-month prison term.  The district court determined that McGaha had violated the conditions of his supervised release by (1) committing a North Carolina state crime-felony fleeing to elude arrest with a motor vehicle he drove-and (2) testing positive for methamphetamine and amphetamine and submitting specimens for urinalysis testing that were not consistent with normal human urine.  On appeal, McGaha argues that the district court erred in finding as to violation (1) that he was the driver of the vehicle and committed criminal conduct because these findings were based on hearsay testimony of the probation officer.  He also argues that his sentence is plainly unreasonable because the district court failed to sufficiently consider his request for placement in an inpatient treatment program and based the sentence in part on hearsay.  Finding no reversible error, we affirm.

A district court may revoke supervised release upon a finding of a violation by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3).  "This standard requires only that the existence of a fact be more probable than its nonexistence."  *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).  This court generally reviews a district court's decision to revoke supervised release for abuse of discretion and reviews factual findings underlying a revocation for clear error.  *See id.*  Additionally, if preserved, this court reviews a district court's evidentiary decisions in a supervised release revocation hearing for abuse of discretion.  *United States v. Combs*, 36 F.4th 502, 505 (4th Cir. 2022).  But because McGaha never objected to the use of hearsay to prove he

committed conduct at issue in violation (1), we review only for plain error. *Id.* To show that the district court plainly erred, McGaha "must establish that (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* (cleaned up). "The term plain error is synonymous with clear or obvious error. An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (cleaned up). To establish the third prong of plain error, McGaha "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Combs*, 36 F.4th at 507 (internal quotation marks omitted). If these three requirements are met, we "exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 505 (cleaned up).

Under Fed. R. Crim. P. 32.1(b)(2)(C), a defendant has a due process right to the opportunity to "question any adverse witness, unless the [district] court determines that the interest of justice does not require the witness to appear." Thus, "prior to admitting hearsay evidence in a revocation hearing, the district court must balance the releasee's interest in confronting an adverse witness against any proffered good cause for denying such confrontation." *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012). "[U]nless the [G]overnment makes a showing of good cause for why the relevant witness is unavailable, hearsay evidence is inadmissible at revocation hearings." *United States v. Ferguson*, 752 F.3d 613, 617 (4th Cir. 2014).

The Government does not dispute that it relied on hearsay evidence to prove McGaha committed violation (1). The Government also does not dispute that it never made

3

a showing of good cause and that the district court did not perform any balancing on the record.  Nevertheless, we conclude that McGaha has not met his burden of demonstrating "a reasonable probability that, but for the error, the outcome of the proceeding would have been different."  *Combs*, 36 F.4th at 507 (internal quotation marks omitted); *see United States v. Webb*, 738 F.3d 638, 642-43 (4th Cir. 2013) (holding that appellant "failed to justify a remand for resentencing" when he did "not argue[] that he would have received a lower [revocation] sentence had the district court not" considered 18 U.S.C. § 3553(a)(2)(A) factors).  We thus perceive no error warranting reversal or vacatur in this regard.

Turning to McGaha's 27-month prison sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release."  *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020).  This court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable."  *Id.*  Before deciding "whether a revocation sentence is plainly unreasonable, this [c]ourt must first determine whether the sentence is procedurally or substantively unreasonable."  *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors."  *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted).  "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed."  *Id.* (internal quotation marks omitted).

4

Only if we find a revocation sentence unreasonable do we consider whether the sentence "is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).

McGaha contends that the district court failed to sufficiently consider his request for inpatient treatment because it "basically ignored" his supporting arguments. When imposing a revocation sentence, a district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Id.* An explanation is sufficient if we can determine "that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (cleaned up).

Before the district court, McGaha's argued that he should be continued on supervised release so that he could receive mental health and substance abuse treatment. The district court explicitly recognized and considered his argument, but disagreed with McGaha that placement in an inpatient treatment program was the appropriate sanction for his violations of supervised release. Rather, the court determined that McGaha's behavior while incarcerated in county jail and serious violations of supervised release were not consistent with the behavior of a person attempting to obtain treatment, but instead

5

warranted a prison term.[1]  This was sufficient.  *See id.*; *Slappy*, 872 F.3d at 210 (holding that district court's explanation must be enough "to assure this [c]ourt that it considered the parties' arguments and had some basis for choosing the imposed sentence").

McGaha also suggests that his sentence is plainly unreasonable because the district court based it in part on hearsay.  Reviewing this argument for plain error because McGaha did not raise it below, *Combs*, 36 F.4th at 505, we conclude that he has not met his burden of demonstrating any error affected his substantial rights.  Critically, he has not argued that without any hearsay improperly considered, there exists a reasonable probability that the district court would have imposed a lower revocation sentence.  *See Webb*, 738 F.3d at 642-43.  Accordingly, we affirm the revocation judgment.[2]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[1] The court also recommended a mental health evaluation, mental health treatment, and substance abuse treatment.

[2] McGaha urges for the first time in his reply brief that his sentence is plainly unreasonable because his violative conduct was not significant or egregious.  We deem this argument waived.  *See United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021).